| | |
|---|---|
| RAYMELL LAMAR EASON<br><br>Plaintiff,<br><br>v.<br><br>WAL MART STORES, INC.,<br><br>Defendant. | No. 2:16-cv-01876 KJM GGH<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*Introduction*

    Plaintiff filed his Complaint in the Eastern District of California against Walmart, but it was quickly transferred to the Western District of Arkansas. ECF Nos. 4, 5. After an Answer was filed, the case was re-transferred to this district. ECF No. 17. Walmart now moves for Judgment on the Pleadings. ECF No. 38. After Judgment on the Pleadings was filed, plaintiff filed an Addendum to the Complaint, and later sought to amend his complaint (ECF 45, 46). That motion is adjudicated pursuant to the order section of this ruling. The requested amendment to the complaint does not affect the grounds set forth in the Motion for Judgment on the Pleadings as the amendment seeks to add new claims; it will be adjudicated as if the Motion to Amend were to be granted.

    Plaintiff admits in his Complaint, and his First Amended Complaint (FAC), that he attempted robbery upon a guard associated with an armored money transportation service (Garda

1

World Security Services, ["Garda"]. The robbery attempt took place at a Walmart store in Sacramento on April 17, 2012 as the guard exited Walmart when plaintiff shot the Garda transport officer with a taser weapon. The armed guard, after quickly recovering from the taser shot, and after having given the money bag to a Walmart security guard, gave chase to plaintiff and eventually shot plaintiff in the knee, and fired further shots into plaintiff's get-away car driven by another person.[1] It is not clear whether plaintiff ever got into his get-away car or whether plaintiff simply fled after being shot, but he apparently did not ultimately flee in the car, and was later found in a dumpster and arrested. Plaintiff is now serving federal time for the robbery attempt.

It is not clear at all from the Complaint/FAC, how a Garda employee from an armored transport company which apparently contracts with Walmart to pick up money from its store, involves Walmart in plaintiff's alleged injuries. However, the Motion for Judgment on the Pleadings is not directly based on this potential problem, perhaps because such might require evidence outside the pleadings. It will not be discussed here.[2]

For the reasons set forth here, Walmart's motion is well taken on both the statute of limitations and Cal. Civil Code section 3333.3.

*Motion for Judgment on the Pleadings*

Walmart moves for judgment based on the California statute of limitations and California law precluding actions against those who are injured in the course of committing a felony, or in fleeing the scene after committing the felony. The standards for such a motion are as follows:

> Judgment on the pleadings is appropriate "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the court reviews the pleadings only. The allegations of the non-moving party must be accepted as true. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th

---

[1] Further facts are found in Exhibit A to Walmart's Request for Judicial Notice. While the undersigned can take judicial notice that a federal criminal complaint was issued in 2012)(signed by the undersigned), the facts set forth in the affidavit cannot be the subject of judicial notice.

[2] However, as set forth in the text, under any interpretation of the Complaint/FAC, it would appear that Walmart's involvement could only be on a negligence basis.

2

Cir. 1989); *see also Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 882 (9th Cir. 2011). A motion for judgment on the pleadings is functionally identical to a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6); the same legal standard applies. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

Delido v. Sunrise Express Inc., 2017 WL 3279018 *1 (E.D. Cal. 2017).

*Statute of Limitations*

As indicated previously, the robbery took place in 2012 with the complaint not filed until 2016.[3] On the face of things, the California statute of limitations, Cal. Code Civ. P. section 335.1, [4] indisputably the statute that applies here, provides a two year statute of limitations for wrongful acts involving assault, battery, personal injury and death. Thus, unless some type of tolling exists, this federal complaint is barred by the referenced limitations statute. Plaintiff does not contest the initial application of the statute, but argues only that he is entitled to equitable tolling.

Walmart reasonably anticipated a statutory tolling of the limitations period, and briefed Ca. Code Civ.Pro. section 352.1 As Walmart correctly observes, this tolling statute, dealing with a two year tolling for incarcerated prisoners, only applies to causes of action that accrued *during the incarceration or custody*. However, the issue is a bit closer than Walmart intimates, but nevertheless to be decided in Walmart's favor.

The *sine qua non* for application of the "prisoner's tolling" statute is that plaintiff was in some type of custody at the time at the time the cause of action accrued. Under any reading of plaintiff's complaint, the cause of action accrued when plaintiff was shot because he was clearly aware of his injury at that time as well as of who shot him. See Jolly v. Eli Lilly, 44 Cal. 3d 1103 (1998)(holding that a cause of action accrues when a plaintiff reasonably becomes aware of injury

---

[3] Plaintiff previously sued Garda and the guard that shot him in state court in 2013. This lawsuit was dismissed with prejudice in 2015 for failure to prosecute. The undersigned takes judicial notice of these facts as presented by Walmart's Request for Judicial Notice, Exhibits D and E. Plaintiff does not dispute them.

[4] This case is in federal court based on diversity jurisdiction. No one contests the fact that California law applies to the substance of this case, including the statute of limitations. See Burkitt v. MetLife etc., 2014 WL 4197565 *2 (E.D. Cal. 2014).

3

and factual cause). Just as clearly, plaintiff was not incarcerated at the time he was shot. However, the tolling will start when any type of continuous custody is exercised. Elliott v. City of Union City, 25 F.3d 800, 802, 802-803 (9th Cir. 1994)[5]; Rentereria v. City of Maywood, 2009 WL 3297152 (C.D. Cal. 2009).

Both cases cited above involved allegations of excessive force after the initial arrest, i.e., custody. The undersigned cannot find any on point authority involving a private security officer as opposed to public law enforcement, but the extended application to private security is entirely reasonable. Private citizens may effect citizen's arrests, and such custody, if it exercised at all in the arrest, is every bit as much movement prohibitive as a police officer's. As the Complaint/FAC makes clear, it was the intent of the private security guard here to effectuate an arrest, i.e., preclude plaintiff's further flight by shooting him. Thus, if the shooting worked to effectuate the arrest, plaintiff would have been in "continuous custody" as law enforcement was soon on the scene.

However, such was not the case. The shot did not have its desired effect—plaintiff was able to avoid custody as he escaped to a near-by dumpster in which he hid attempt to avoid custody. He was not arrested until law enforcement arrived on the scene and looked for him. Plaintiff was not in continuous custody at the time the cause of action arose. Statutory tolling does not aid plaintiff in overcoming the tardiness of his claim.[6]

Plaintiff only alleges that it would be unfair to deprive him of a claim against Walmart because of his present, incarcerated status, and/or his pro se status. However, plaintiff does not even satisfy the first step for application of equitable tolling—that of acting diligently to protect his rights. "The rule of equitable estoppel [tolling] includes, of course, the requirement that the plaintiff exercise reasonable diligence." Bersnonn v. Browning-Ferris Industries, 7 Cal. 4th 926, 936 (1994); see also Sagehorn v. Engle, 141 Cal. App. 4th 452 (2006). Walmart has filed two documents as exhibits, D and E, of which the undersigned can take judicial notice. See fn.3

---

[5] Elliott involved a predecessor statute to section 352.1, but that statute is substantively identical to the present statute for analytical purposes here.
[6] Cal. Govt.Code section 945.3 does not apply because by its very words the action must be an action against a *public* peace officer or the entity that employs the officer.

supra. These documents demonstrate that in 2013 plaintiff sued the guard and Garda in state court, but the case as later dismissed in 2015 for failure to prosecute. The point here is that there was clearly no impediment which would have precluded plaintiff from naming Walmart in this earlier suit. Plaintiff was clearly aware of the same facts then as he is now. The suit here is simply a four year old afterthought, most probably initiated because his suit was dismissed against the most probable defendants. Plaintiff has not been diligent. The action should be dismissed as being barred by the statute of limitations.

*Cal. Civil Code Section 3333.3*

This statute, enacted to prevent felons from profiting from their misdeeds in a later lawsuit when the felon was negligently injured during the commission of the felony or escape therefrom, provides as follows:

> In any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony.

This statute applies only to negligence causes of action, not intentional torts. Willis v. County of Sacramento, 2014 WL 1027070 *5 (E.D. Cal. 2014) *citing* Espinosa v. Kirkland, 185 Cal. App. 4th 1269, 273 (2010); see also Jenkins v. County of Los Angeles, 74 Cal. App. 4th 524, 530 (1999). To the extent that one is reviewing the potential claim against the private security guard, it is easy to find that such a claim would involve an intentional tort. The guard intended to effect an arrest by intentionally firing his weapon at plaintiff.

However, this is not a lawsuit against the private transport guard, it is a lawsuit against the entity, Walmart, which had contracted with a private armored transport company for guard service. Even assuming Walmart would have any duty to plaintiff in such a situation (doubtful), or was involved in any way in supervising or training Garda's employees, any cause of action set forth in the complaint against Walmart, as opposed to the guard, would have to lie in negligence on a supervisorial or training basis.

There are no allegations in the Complaint/FAC which assert that Walmart instructed the

5

private transport guard to fire his weapon, or had any such policies requiring a private guard working for a private armored truck company which required escaping felons to be shot so that they could not escape. Indeed, the claim here is that plaintiff initiated the tortious events by attacking the private guard. This attack had nothing significant to do with Walmart except for the fortuitous fact that robbery of the armored transport company guard happened at that store as opposed to another down the road. The guard had already taken custody of Walmart's money and was on his way to his armored truck.

The Complaint/FAC is devoid of any facts (as opposed to a conclusion such as Walmart intended to cause emotional distress) that *Walmart* committed any intentional act which caused him harm. Nor does plaintiff assert in his Opposition that he could allege such far-fetched facts against Walmart. The actions should be dismissed without leave to amend based on the fleeing felon rule.

*Motion to Amend the Complaint*

As set forth above, both the Complaint and the FAC were reviewed to see if any facts alleged in either could possibly defeat the Motion for Judgment on the Pleadings either as they stood, or by virtue of future amendment. No such possibility exists. Therefore, the undersigned orders the Motion to Amend granted for the purposes of clarifying the record.

*Conclusion*

The First Amended Complaint is ORDERED filed. ECF No. 45 is resolved.

IT IS HEREBY RECOMMENDED that this case should be dismissed because it is barred by the statute of limitations and by the fleeing felon rule. These recommendations apply to ECF No. 38.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

6

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: November 18, 2017

<u>/s/ Gregory G. Hollows</u>
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE